RENDERED: AUGUST 14, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1178-MR

JEFFERSON COUNTY BOARD OF
EDUCATION                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JENNIFER WILCOX, JUDGE
ACTION NO. 25-CI-003259


FRANCOIS SYLVIEN                                              APPELLEE



OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: This is a negligence case arising from a collision between a

vehicle driven by Appellee Francois Sylvien ("Sylvien"), and a school bus owned

and operated by the Jefferson County Board of Education (the "Board"). The

Board filed a motion to dismiss based on governmental immunity, which was

granted in part and denied in part by the Jefferson Circuit Court. The Board

appeals to this Court as a matter of right. For the following reasons, we affirm in part, reverse in part, and remand.

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.*

## ANALYSIS

The Board's sole argument on appeal is that they are entitled to governmental immunity on all claims, including negligent hiring. More precisely, the circuit court dismissed the claims for vicarious liability but allowed the direct negligence claims to continue. Kentucky courts have repeatedly held:

> School boards and their employees are considered agencies of the state and enjoy governmental immunity. *James v. Wilson*, 95 S.W.3d 875, 904 (Ky. App. 2002). "The immunity that an agency enjoys is extended to the official acts of its officers and employees. However, when such officers or employees are sued for negligent acts in their individual capacities, they have qualified official immunity." *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007).

*Mucker v. Brown*, 462 S.W.3d 719, 721 (Ky. App. 2015). This applies to transportation. *Compare Letcher Cnty. Bd. of Educ. v. Tackett*, No. 2009-CA-001463-MR, 2011 WL 4861128, at *2 (Ky. App. Oct. 14, 2011) ("The transportation of pupils is a governmental action because it is a necessary part of the school program of a county board of education.") (citing *Bronaugh v. Murray,* 172 S.W.2d 59 (Ky. 1943)) *with Transit Auth. of River City v. Bibelhauser*, 432 S.W.3d 171, 174-75 (Ky. App. 2013) ("TARC engages in a quintessentially local proprietary venture, i.e., providing transportation services, just like other for-profit taxi and bus services in the Louisville Metro area.").

"In negligent hiring/retention claims the law imposes a duty upon the employer to use reasonable care in the selection or retention of its employees." *Kendall v. Godbey*, 537 S.W.3d 326, 331 (Ky. App. 2017) (citing *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705 (Ky. 2009)).

> Under the theory of negligent hiring/retention, the employer's liability may only be predicated upon its own negligence in failing to exercise reasonable care in the selection or retention of its employees. [*Ten Broeck*, 283 S.W.3d at 732]. Thus, the focus is on the employer's conduct and requires that the traditional negligence elements of a negligence claim be established—duty, breach, and consequent injury. *Grubbs ex rel. Grubbs v. Barbourville Family Health Center, P.S.C.*, 120 S.W.3d 682, 687 (Ky. 2003).

*Id.* at 331. The circuit court in the present case applied *Ten Broeck* as an exception to governmental immunity for claims based on allegations of direct liability against the Board.

*Ten Broeck* is not an immunity case. And we have not been presented with any binding authority that would deny governmental immunity based on allegations of negligent hiring, retention, or training. Indeed, the opposite appears to be the case. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) ("[G]overnmental immunity. . . limits imposition of tort liability on a government agency . . . . The premise is that courts should not be called upon to pass judgment on policy decisions made by . . . government in the context of tort actions[.]") (internal quotation marks omitted). *See also, e.g.*, *Smith v. Floyd Cnty. Bd. of Educ.*, 401 F. Supp. 2d 789, 801 (E.D. Ky. 2005) (holding that a school district's hiring of employees is a governmental function) and *C.K. v. Bell Cnty. Bd. of Educ.*, 865 F. Supp. 2d 795, 802 (E.D. Ky. 2012) ("[S]upervising [a teacher's] employment was unquestionably related to the governmental function of operating a school system.").

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's order is AFFIRMED in part and REVERSED in part. We REMAND this case for further proceedings consistent with this decision.

ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Matthew R. Palmer-Ball        Jason Ellis
Isaac K. Keller        Louisville, Kentucky
Louisville, Kentucky